```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
                                        :
ABC,                                    :
                                        :
                        Plaintiff,      :    24cv8341 (DLC)
                                        :
                -v-                     :    MEMORANDUM OPINION
                                        :        AND ORDER
DEF,                                    :
                                        :
                        Defendants.     :
                                        :
---------------------------------------- X
```

DENISE COTE, District Judge:

Epstein Drangel LLP, counsel for plaintiff ("Counsel"), has applied for an ex parte temporary restraining order ("TRO") in this sealed action to enforce its client's trademark and common law rights. The order seeks to restrain 22 online merchant storefronts ("Defendants") and their assets held at financial institutions. They also seek permission to serve the Defendants, who ship products originating in China, through alternative means, specifically email. The application is granted in part.

Counsel has carried plaintiff's burden to show a likelihood of success on the merits of its Lanham Act and state law claims. As a result of Defendants' alleged infringements, it is likely that immediate and irreparable injury will result to the plaintiff before Defendants can be heard in opposition. Counsel

has shown that the Defendants offer for sale counterfeit products through Amazon, an online marketplace platform; that the products originate from China and are shipped to consumers across the world, including in New York; and that <u>ex parte</u> preliminary relief is warranted to prevent the transfer of assets which the plaintiff may have the right to seize pursuant to the Lanham Act.  See Fed.R.Civ.P. 64(b); 15 U.S.C. § 1116(d)(1)(a) and § 1117(a); see also <u>Zino Davidoff SA v. CVS Corp.</u>, 571 F.3d 238, 247 (2d Cir. 2009).  Counsel has also carried plaintiff's burden to show that the Court has personal jurisdiction over the Defendants under § 302(a)(1) of the N.Y.C.P.L.R. and the Due Process Clause.  See <u>Am. Girl, LLC v. Zembrka</u>, 118 F.4th 271, 278-80 (2d Cir. 2024).

Counsel has shown that the Defendants likely reside in China, the country from which the infringing goods are shipped.  China is a member of the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters ("Hague Convention").  The Hague Convention seeks to "simplify, standardize, and generally improve the process of serving documents abroad." <u>Water Splash, Inc. v. Menon</u>, 581 U.S. 271, 273 (2017).  "[C]ompliance with the Convention is mandatory in all cases to which it applies." <u>Volkswagenwerk Aktiengesellschaft v. Schlunk</u>, 486 U.S. 694, 705 (1988).

2

China does not permit service under the Hague Convention to be made by mail or email. Smart Study Co. v. Acuteye-Us, 620 F. Supp. 3d 1382, 1392 (S.D.N.Y. 2022). The Hague Convention does not apply, however, "where the address of the person to be served with the document is not known." Hague Convention, Art. 1; see also Smart Study, 620 F. Supp. 3d at 1390-91. An address is "'not known' if the plaintiff exercised reasonable diligence in attempting to discover a physical address for service of process and was unsuccessful in doing so." Kelly Toys Holdings, LLC. v. Top Dep't Store, No. 22cv558 (PAE), 2022 WL 3701216, at *6 (S.D.N.Y. Aug. 26, 2022) (collecting cases).

Applying this standard, Counsel has shown that an address is not known for eight of the 22 Defendants. Counsel has shown that three Defendants display addresses that are false and that its efforts to locate accurate addresses for the defendant have failed. Five of the Defendants have displayed addresses that appear to be accurate, but through the exercise of reasonable diligence, Counsel has not been able to obtain sufficient identifying information to send test mailings to those addresses. As for the remaining 14 Defendants, Counsel sent test mailings that were successfully delivered. To the extent that Counsel requests that this Court ignore the reasonable diligence standard, that request is rejected. Therefore, as to the 14 Defendants to whom the Hague Convention applies, no

3

default judgment can be entered against any such Defendants until service is completed in compliance with the Hague Convention. See Smart Study, 620 F. Supp. 3d at 1401-02.

The restriction on entry of a final judgment, however, does not prevent a court from granting interim relief. After outlining certain requirements for entry of default judgment in cases where a defendant has not appeared, Article 15 of the Hague Convention states: "[n]otwithstanding the provisions of the preceding paragraphs the judge may order, in case of urgency, any provisional or protective measures." Hague Convention, Art. 15. Moreover, Federal Rule of Civil Procedure 4(f)(3) permits service by "means not prohibited by international agreement, as the court orders." Fed. R. Civ. P. 4(f)(3).

Counsel has shown that it will be able to obtain from Amazon email addresses for each of the Defendants that will lead to the delivery of actual notice to the Defendants. Service by email comports with due process "where a plaintiff demonstrates that the email is likely to reach the defendant." Kelly Toys, 2022 WL 3701216, at *9. Counsel has also shown that the exigencies of this case, including the urgent need to address ongoing counterfeiting activity, justify alternative service by email. Thus, service of the TRO and its related Orders may be made by email on all Defendants appearing to reside in China.

4

Counsel for the plaintiff shall file with the Clerk of Court under seal a revision to its proposed TRO and related Orders that complies with the rulings herein, and shall supply the Court with a Word version of these documents by sending them to the Chambers email address.

SO ORDERED:

Dated:   New York, New York
         November 12, 2024

                                        _____
                                              DENISE COTE
                                        United States District Judge